UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT POOLER (#234804)**                              CIVIL ACTION

**VERSUS**

**JAMES M. LeBLANC, ET AL.**                             NO. 09-0293-RET-CN

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT POOLER (#234804)**                                    CIVIL ACTION

**VERSUS**

**JAMES M. LeBLANC, ET AL.**                                   NO. 09-0293-RET-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden Burl Cain, Food Manager Lt. Woodrow Lindsey and Officer-in-Charge Lt. Landry, complaining that he was served spoiled food on November 16, 2008, as a result of unsanitary conditions at the LSP main prison kitchen.

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action, or any part of an action, brought in forma pauperis if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis action is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Initially, it is unclear whether the plaintiff has named the defendants in their individual and/or their official capacities. In light of the liberality accorded to the pleadings of pro se petitioners, however, <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim against the defendants in their personal capacities, the Court concludes that the plaintiff's claim fails to rise to the level of a constitutional violation. Initially, the Court notes that the plaintiff has failed to make specific factual allegations of wrongdoing against any of the defendants named herein. The law is clear that in order for there to be liability under § 1983, a defendant must be either personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed. <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In the instant case, the plaintiff fails to allege that any of the defendants participated directly in serving him food on November 16, 2008, or were personally or directly responsible for maintaining the cleanliness of the cafeteria where the plaintiff eats. Accordingly, it is appropriate that the plaintiff's claims be dismissed as legally frivolous.

Further, in the alternative, in order for a plaintiff to recover for alleged deliberate indifference under the Eighth Amendment, the law is clear that there must be a showing by the plaintiff that a defendant has explicitly recognized and disregarded a serious risk of harm to an inmate's health or safety. The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate standard to apply in cases of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In other words, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

In the instant case, the plaintiff alleges in his Complaint merely that on November 16, 2008, hundreds of people suffered symptoms of food poisoning resulting from the noon meal. He alleges that the main prison kitchen is unsanitary, that the dishes provided are unclean, and that he has several times suffered from food poisoning at the prison. He makes no allegation, however, that prison officials intended to cause the plaintiff harm, knew that the food was contaminated on that date, or knew that harm was substantially certain to follow from their actions. In fact, he makes no mention of any defendant by name in the body of his Complaint and makes no assertion that any defendant was warned or was

otherwise aware that the food served during the noon meal on that date was unsafe.

Although, under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred from the obviousness of the substantial risk, id., applying this standard to the plaintiff's claim in the instant case fails to result in a conclusion or in any reasonable inference that the defendants recognized and disregarded an excessive risk of harm to the plaintiff's health or safety. Notwithstanding the plaintiff's belief that he is entitled to compensation, and although he may have been exposed in fact to contaminated food on November 16, 2008, there is no indication that the defendants were by their actions deliberately indifferent to the plaintiff's health or safety. Rather, in the absence of any allegation of actual knowledge or awareness on the defendants' part that the food was harmful or that the plaintiff was likely to sustain serious harm, the plaintiff's claim sounds more in the nature of a claim of negligence which is not actionable under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Accordingly, the Court finds that the plaintiff's claim relative to alleged food poisoning on November 16, 2008, fails to state a claim of constitutional dimension and that the defendants are entitled to judgment as a matter of law.[1]

---

[1] Although the plaintiff asserts that conditions at the main prison kitchen are generally unsanitary, and although he refers to prior incidences of alleged food poisoning, these non-specific allegations do not alter the Court's analysis. In an institutional environment such as a prison, where thousands of people are served three meals daily in a crowded setting, it is to be expected that occasional instances of food poisoning will occur. The plaintiff has not alleged that such instances have been more than isolated or sporadic. In fact the Court is aware of only two other instances of food poisoning affecting inmates at LSP, notably in November, 2003 and November, 2005, and the plaintiff himself previously asserted a claim relative to one of these instances in this

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e).

Signed in chambers in Baton Rouge, Louisiana, June 8, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

Court, which claim was dismissed as being without merit. <u>See</u> <u>Robert Pooler v. Kathleen Blanco, Governor, et al.</u>, No. 07-CV-0175-JVP-DLD.